IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNADETTE VICTORIA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1031 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| SUPERINTENDENT MARY LAMAS, | ) | |
| and MICHAEL DAVID CAMPBELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Bernadette White is a state prisoner currently incarcerated at the State Correctional Institution at Muncy ("SCI_Muncy"), Pennsylvania.  Defendants move to dismiss Plaintiff's prisoner civil rights complaint (Doc. 15).  Plaintiff was ordered to file a response on or before May 7, 2009 (Doc. 17), but no response has been filed.

Plaintiff alleges that Defendant Campbell, a corrections officer, has harassed her since "2005 or 2006 up until now by using inmate Michelle Henderson's name constantly, making me hear voices and doing double jeopardy with my case, and scalding me with hot shower water, changing the days of the week on me . . . [and] using special equipment to see in the showers" (Doc. 3, p. 2).  Inmate Henderson is said to be "hiding behind the Dept. of Corrections and getting them to harass me for her and by stalking me from 3 institutions."  Id.  Plaintiff also asserts that she was placed in the Restrictive Housing Unit on false "write ups" and that her request for a transfer to another institution was denied.  Id.  Defendant Campbell is alleged to have "tortured" Plaintiff "by calling my vagina 'embarrassing' saying I am a 'disappointment' because I have no pigmentation in my skin . . ." (Id., pp. 4-5).

1

Plaintiff further alleges that she discovered in September 2007 that she is "not hearing voices, that this is very real.  And it was Officer Michael David Campbell the whole time." Id. According to Plaintiff, Ms. Lindsey and Mr. Sawatsky "sent me to SCI-Muncy twice over this. They gave [her] a diagnosis of schizophrenia with psychotic features when they were playing games with [her] along." (Doc. 3, p. 7).

In apparently unrelated claims, Plaintiff states also that she sent legal papers to the Librarian to be copied, but the institution kept them; and that the Medical Department refuses her lotion for her dry skin; and that she is being denied a legal phone call by Lt. Blessings (Doc. 3, p. 6).  Plaintiff also claims that SCI-Cambridge Springs deliberately lost pictures of her children when they were turned over to a Lt. Cerni, who then gave them to the "Psych Department" (Doc. 3, p. 7).

### A.     Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

B.      **Analysis.**

The bulk of Plaintiff's claims are premised upon verbal harassment by a prison guard. Plaintiff's allegations of verbal threats, unaccompanied by any allegation of physical injury, do not state a claim.  See Burkholder v. Newton, 116 Fed. Appx. 358, 360 (3d Cir. 2004).  An allegation that Plaintiff was subjected to "false write-ups" also does not state a claim.  Booth v. Pence, 354 F. Supp.2d 553, 559 (E.D.Pa. 2005) (false misconduct charge does not itself qualify as an Eighth Amendment violation);  Smith v. Mensinger, 293 F.3d 641, 653-654 (3d Cir. 2002) (due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against allegedly falsified evidence and groundless misconduct reports).

Plaintiff also has no right to be transferred to any specific corrections facility because she does not have any inherent constitutional right to a particular place of confinement, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), nor does she have a state-created liberty interest to be incarcerated in a particular institution.  Jerry v. Williamson, 211 Fed. Appx. 110, 112 (3d Cir. 2006).

While Plaintiff alleges that legal papers were not returned to her, she does not allege that an ongoing lawsuit was thereby impeded.  Again, this allegation fails to state a claim.  Lewis v. Casey, 518 U.S. 343, 354 (1996);  Christopher v. Harbury, 536 U.S. 403, 415-17 (2002).  The same analysis disposes of Plaintiff's allegation that she was denied a legal telephone call.

Plaintiff's allegation that she was denied lotion for dry skin does not state a facially plausible claim for deliberate indifference to a serious medical condition because it does not permit an inference that she has intentionally been denied necessary medical care.  The refusal to dispense "bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not by its refusal violate the Constitution."  Cooper v. Casey, 97 F.3d

914, 916 (7th Cir.1996).  And, in any event, Plaintiff does not allege any personal involvement by the named Defendants.

Plaintiff also alleges that Lt. Cerni lost or destroyed Plaintiff's pictures.  Such a claim fails, however, because "an unauthorized intentional deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy is available for the loss."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The Pennsylvania Department of Corrections's grievance procedure has been deemed an adequate post-deprivation remedy and, therefore, this claim is untenable.  Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir.2000).

There also are allegations in the Complaint, such as Plaintiff's claim that she is being made to "hear voices," that Defendants are changing the days of the week, and that there is special equipment installed in the showers to monitor Plaintiff, that properly should be dismissed on the basis that they are simply not believable.  A complaint may be dismissed as frivolous "when it posits 'factual contentions [that] are clearly baseless.' "  Robinson v. Love, 155 F.R.D. 535, 536 (E.D.Pa.1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The definition of "clearly baseless" includes allegations which are fanciful, fantastic or delusional.  Robinson, 155 F.R.D. at 536.  Some of the factual assertions made by Plaintiff fit the definition of "clearly baseless" and may be dismissed independently of Plaintiff's failure to state a claim.

Plaintiff's claim that she was repeatedly "scalded" with hot water, however, is a facially plausible Eighth Amendment claim that cannot be dismissed at this juncture.

Lastly, Defendants move to dismiss on the basis that this Court is not the proper venue. Venue is appropriate in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the

       events or omissions occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Both named Defendants work at SCI-Muncy, located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Further, SCI-Muncy is where Plaintiff is incarcerated and where every relevant action in the case allegedly occurred.[1] Venue is not proper in this District, and this action may be dismissed or, in the interests of justice, it may be transferred to another district where it might have been brought. 28 U.S.C. § 1406(a). The Court believes that the interests of justice weigh in favor of transfer.

      AND NOW, this 11th day of September, 2009,

      IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 15) is GRANTED IN PART AND DENIED IN PART as set forth above. The Clerk is directed to TRANSFER this case forthwith to the United States District Court for the Middle District of Pennsylvania.

                                                    s/Cathy Bissoon
                                                    CATHY BISSOON
                                                    UNITED STATES MAGISTRATE JUDGE

Cc:
BERNADETTE VICTORIA WHITE
OJ0045
SCI Muncy
P.O. Box 180
Muncy, PA 17756

---

[1] The only exception is the assertion that Plaintiff's pictures were lost, but that claim has been dismissed. And, in any event, that sole occurrence would not qualify as a "substantial part" of the events alleged in the Complaint for purposes of Section 1391(b).